IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Civil Action No. DKC 08-1406
:
ALBEN G. GOLDSTEIN :
:

**MEMORANDUM OPINION AND ORDER**

The government commenced this action against Defendant Alben G. Goldstein on May 30, 2008, seeking to reduce to judgment unpaid tax assessments "in the amount of $828,349.47 as of May 9, 2008, plus interest, penalties, and costs that have accrued and will continue accruing according to law." (ECF No. 1, at 3). When Defendant failed to respond to the complaint within the requisite time period after service, the government moved for entry of default and default judgment. Following the clerk's entry of default, a default judgment was entered on November 26, 2008, in the amount of $844,022.24, which represented the principal amount owed, plus pre-judgment interest accruing through September 29, 2008, as reflected by the declaration submitted in support of the government's motion. On May 17, 2013, the government filed the pending motion to correct the judgment. (ECF No. 11).

The government seeks relief pursuant to Federal Rule of Civil Procedure 60(a), which provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." This rule is "properly utilized to perform a completely ministerial task (such as making a judgment more specific in the face of an original omission), but not to revisit the merits of the question or reconsider the matter." *Caterpillar Financial Services Corp. v. F/V Site Clearance I*, 275 Fed.Appx. 199, 204-05 (4th Cir. 2008) (quoting *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994) (internal marks omitted)). In other words, "a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2854 at 303 (3d ed. 2012).

The government asks the court to "correct the [j]udgment to state that [it] relates to Goldstein's federal income tax liabilities for 1996 through 2006 and the Internal Revenue Section 6672 trust fund recovery penalties for tax periods ending 9/30/1997 and 12/31/2000 through 9/30/2001[;] that the amount due of $844,022.24 is calculated to September 29, 2008[;] and that the statutory interest continues to accrue until the

judgment is paid." (ECF No. 12, at 3). Its primary concern is that the default judgment, entered November 26, 2008, does not account for pre-judgment interest accruing past September 29, 2008, the date supported by the government's declarant, or post-judgment interest.

As the United States Court of Appeals for the District of Columbia recognized in *Winslow v. F.E.R.C.*, 587 F.3d 1133, 1135 (D.C. Cir. 2009):

> In [*Osterneck v. Ernst & Whinney*], the Supreme Court held that "a postjudgment motion for *discretionary* prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)" and is subject to the strict 10-day time limit for Rule 59(e) motions. 489 U.S. 169, 175, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (emphasis added). More to the point for present purposes, the *Osterneck* Court also addressed the related issue of *mandatory* prejudgment interest: "We do not believe the result should be different where prejudgment interest is available as a matter of right." *Id*. at 176 n. 3, 109 S.Ct. 987. The Court explained that courts and litigants are best served by a "bright-line rule" and that even a motion for mandatory prejudgment interest "implicates the merits of the district court's judgment" and thus is governed by Rule 59(e). *Id*. at 177 n. 3, 109 S.Ct. 987.

(Emphasis in original); *see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, (5th Cir. 1999) ("The failure of the district court to make findings and to award back pay or prejudgment interest was not clerical in nature because correction of an error in substantive judgment is outside the reach of Rule

3

60(a)"); *Kosnocki*, 33 F.3d at 378 ("if the district court's original judgment did not mention an award of prejudgment and post-judgment interest, Howley's later motion to fix interest clearly would be governed by *Osterneck* and would be considered untimely filed"); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2nd Cir. 1994) ("Even if a plaintiff includes a demand for pre-decision interest in its complaint, such requests obviously may be overlooked or denied, and the absence of such a provision for such interest in any of the court's prejudgment orders is entirely consistent with the hypotheses that the court either was unaware of the request or intended simply to deny it. In either case, the failure of a Judgment to award such interest is an accurate reflection of the court's decision, and hence cannot be corrected under Rule 60(a)." (internal emphasis and marks omitted)).

While it is true, as the government observes, that the proposed order for clerk's entry of default judgment requested "$844,022.24, plus statutory interest accruing from September 29, 2008, to the date of payment pursuant to 28 U.S.C. § 1961(c)" (ECF No. 7-2), neither the motion nor the declaration mentioned pre-judgment interest (or cited any statutory authority) and the government did not submit a supporting memorandum. Even if it had, any oversight by the court in failing to include pre-judgment interest in its calculation

4

could not be corrected pursuant to Rule 60(a). Rather, relief could only be available under Rule 60(b), which, depending on the subsection relied upon, is subject either to a one-year or reasonableness time limitation.[1] In either event, the instant motion, filed approximately four and one-half years after the prior judgment was entered, is untimely, particularly where the government has provided no explanation for its delay.

The outcome is the same with respect to the government's requests for clarification of dates and post-judgment interest. Nothing in the prior motion for default judgment suggested that the final judgment should include the dates for which the assessment applied. Thus, the government's current request in this regard is entirely novel and relief is not available under Rule 60(a). Moreover, post-judgment interest applies, pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621, regardless of whether it is specified in the judgment. *See White v. Bloomberg*, 360 F.Supp. 58, 63 (D.Md. 1973) ("interest would appear to be payable on a judgment regardless of whether or not the judgment order expressly calls for post-judgment interest to

---

[1] Indeed, the government cites *Kosnoski* – the only case cited in support of the instant motion – for the proposition that "[t]he omission of the character of the debts underlying the judgment and the provision for statutory interest may be corrected under Rule 60(b)." (ECF No. 12, at 2). This argument overlooks that the government seeks relief pursuant to Rule 60(a), which is not subject to a time limitation, as opposed to Rule 60(b), which is.

be paid" (citing *Moore-McCormack Lines, Inc. v. Amirault*, 202 F.2d 893, 895 (1st Cir. 1953); *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir. 1943)).

Accordingly, it is this 23rd day of May, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The government's motion for correction of judgment (ECF No. 11) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for the government.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge